IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| H. SHELBY NELSON, ) | C/A 2:14-1349-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| US BANK NA, as Trustee for J. P. Morgan ) | |
| Alternative Loan Trust 2006-A3 ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, asserting violations of various federal statutes.[1] Through this lawsuit, Plaintiff is contesting an alleged "wrongful foreclosure" of his real property by the Defendant in state court.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 28, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 30, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on September 4, 2014.

The Defendant's motion is now before the Court for disposition.[2]

---

[1] Plaintiff also states in his Complaint that this Court has diversity jurisdiction over his claims, although it is not readily apparent that he is asserting any state law claims.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)

1



**Background and Evidence**

Plaintiff alleges in his Complaint that the Defendant, acting as Trustee for J. P. Morgan Alternative Loan Trust (as successor through assignment of Chase Home Finance, LLC), pursued a foreclosure action on property owned by the Plaintiff at 36 Mary Street, Charleston, South Carolina. Plaintiff further alleges that on or about July 24, 2013, an order of foreclosure was entered by the Master in Equity for Charleston County in favor of the Defendant, and that Plaintiff's property was to be sold as a result of the foreclosure judgment on April 15, 2014.[3] Plaintiff alleges that the Note and Mortgage at issue in the foreclosure action were not correctly and properly endorsed over to the Defendant, and that the Defendant therefore lacked standing to institute the foreclosure proceedings and does not have lawful authority to execute a foreclosure sale. Plaintiff seeks actual damages against the Defendant for misrepresentation and wrongful foreclosure, as well as an order "voiding" the foreclosure sale. See generally, Plaintiff's Complaint, with attached Exhibits [Loan and Foreclosure Documents].

As attachments to the motion for summary judgment, the Defendant has submitted copies of the Master's order and judgment of foreclosure and sale in US Bank v. Nelson, et al., Civil Action No. 2010-CP-10-796 (S.C. Court of Common Pleas), as well as a copy of the assignment of mortgage from J. P. Morgan Chase Bank, NA, successor by merger to Chase Home Finance LLC

---

[2](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]As a result of the filing of this action on April 14, 2014, the day before the scheduled foreclosure sale, the sale was cancelled. See Text Order finding as moot Plaintiff's motion for preliminary injunction. (Court Docket No. 8).

2



to US Bank National Association, as trustee for J. P. Morgan Alternative Loan Trust, and a copy of the order filed in Chase Home Finance v. Nelson, et al., substituting the party plaintiff in that case from Chase Home Finance LLC to US Bank National Association, as trustee.[4]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the Court cannot assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendant is entitled to summary judgment in this case.

In this lawsuit, the Plaintiff seeks to challenge the state judgment issued by the Master in Equity for Charleston County awarding the Defendant a judgment of foreclosure. As is clearly

---

[4] The exhibits attached to Plaintiff's Complaint also include copies of this assignment and order substituting party plaintiff.



set forth in both Plaintiff's and Defendant's exhibits, a state court foreclosure action was commenced on January 29, 2010 by J. P. Morgan Chase Bank, N.A. Thereafter, on March 2, 2010, J. P. Morgan Chase Bank, N.A. assigned the subject note and mortgage to Chase Home Finance LLC. Then, on May 14, 2013, J. P. Morgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, assigned the subject note and mortgage to the Defendant. By order filed July 24, 2013, the Master in Equity entered an order substituting the Defendant in the case at bar as the party plaintiff in the state foreclosure action, and thereafter entered an order in which he found that the Plaintiff herein was in default and that the Defendant was entitled to an order of foreclosure on the property. The order of foreclosure became final when the thirty day deadline to appeal the judgment of foreclosure expired. SCACR 203(b)(1); see also SCACR 203(b)(4). Plaintiff does not allege, and there is no evidence before the Court to show, that Plaintiff ever appealed the judgment of foreclosure in his state case.

The pleadings in the case at bar and in Plaintiff's state foreclosure action show that the parties in this action and the state court foreclosure action are the same. Further, there is identity of the subject matter and there was an adjudication on the merits in the state court action. Therefore, this federal case is barred and must be dismissed pursuant to the doctrine of res judicata.[5] Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217, 281 (S.C. 1992) [res judicata established where there is identity of the parties, identity of the subject matter, and there was an adjudication of the issue in the former suit]. Defendant correctly notes that the Plaintiff had the opportunity to

---

[5]Although Plaintiff makes a conclusory statement in his Complaint concerning "state law", it is not, as previously referenced, clear that he is even asserting or attempting to assert any state law claims. However, to the extent that was his intent, those claims would also be barred for the same reasons set forth herein.



present his defenses to the foreclosure at issue at the hearing held before the state Master in Equity, and he may not relitigate those claims now in this federal lawsuit. Hilton Head Center of South Carolina, Inc. v. Public Service Commission of South Carolina, 362 S.E.2d 176, 177 (S.C. 1987) [Under the doctrine of res judicata "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit"'].

Additionally, this Court lacks subject matter jurisdiction to review the judgment of the state court pursuant to the Rooker-Feldman Doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This doctrine makes clear that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court, and that lower federal courts are generally prohibited from reviewing state court decisions. See also Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) [Rooker-Feldman Doctrine bars a federal court from asserting jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"]. The Rooker-Feldman Doctrine not only bars federal courts from reviewing issues actually presented to and decided by a state court, but also any issues that would be "inextricably intertwined" with questions ruled on by a state court; i.e., where in order to grant the federal plaintiff relief the federal court would have to determine that the state court judgment was erroneously entered or would be required to take action that would render the state court judgment ineffectual. Plyler, 129 F.3d at 731; Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997).

Here, Plaintiff is clearly attempting to attack the validity of the state court foreclosure



proceedings and judgment, and in order to provide Plaintiff with relief this Court would be required to invalidate the judicial findings made in the state court foreclosure action. As such, this Court lacks subject matter jurisdiction to review that judgment under the Rooker-Feldman Doctrine.

Finally, merely referencing in his Complaint that certain federal laws have been violated[6] does not render jurisdiction appropriate in this case. See Republic Finance v. Cauthen, 343 F.Supp.2d 529, 532 (N.D.MS. 2004) [Federal jurisdiction is not invoked by merely citing a federal statute]. The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation to a federal statute, and a mere allegation that a federal statute has been violated is not sufficient to invoke federal jurisdiction. Lopes v. Vieira, 488 F.Supp.2d 1000 (E.D.CA. 2007); Scott v. Wells Fargo Home Mortgage, Inc., 326 F.Supp.2d 709 (E.D.VA. 2003).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted,** and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____

September 10, 2014  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[6]Plaintiff references 42 U.S.C. § 1983 (a federal civil rights statute that does not even apply to private parties), 12 U.S.C. § 2601, et seq. (RESPA), and 15 U.S.C. § 1692 et seq. (FDCPA).



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

