**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| H. SHELBY NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>US BANK NA, as Trustee for J.P. Morgan )<br>Alternative Loan Trust 2006-A3, )<br>)<br>Defendant. )<br>_____) | C.A. No.: 2:14-CV-1349-PMD<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") (ECF No. 27) of the United States Magistrate Judge recommending that the Court grant Defendant US BANK NA, as Trustee for J.P. Morgan Alternative Loan Trust 2006-A3's ("Defendant") Motion for Summary Judgment (ECF No. 23). Plaintiff timely filed Objections to the R&R. (ECF No. 32). Having reviewed the entire record, including Plaintiff's Objections and Defendant's Reply to Plaintiff's Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

Plaintiff challenges a judgment issued by the Master in Equity for Charleston County awarding Defendant a judgment of foreclosure. The Complaint alleges that Defendant pursued a mortgage foreclosure action on property owned by Plaintiff at 36 Mary Street, Charleston, South Carolina ("the subject property"). On July 24, 2013, the Master in Equity for Charleston County entered an order of foreclosure in Defendant's favor, and the subject property was to be sold on

April 15, 2014. There is no evidence that Plaintiff appealed the judgment of foreclosure in state court.

Plaintiff filed this action on April 14, 2014, and the sale was cancelled pending suit. Plaintiff alleges that the Note and Mortgage at issue in the foreclosure were not properly endorsed over to Defendant and that Defendant therefore lacked standing to initiate the foreclosure proceedings. Plaintiff further alleges that Defendant does not have the legal authority to conduct a foreclosure sale on the subject property. Plaintiff brings this suit against Defendant for misrepresentation and wrongful foreclosure and seeks an order "voiding" the foreclosure sale.

## PROCEDURAL HISTORY

On April 14, 2014, Plaintiff filed his Complaint. Defendant filed an Answer on May 5, 2014, followed by the instant Motion for Summary Judgment ("Motion") on July 28, 2014. Plaintiff filed a Response on September 4, 2014. On September 10, 2014, the Magistrate Judge recommended that the Defendant's Motion be granted. Plaintiff timely filed Objections to the R&R and Defendant timely filed a Reply to Plaintiff's Objections. This case was reassigned to the undersigned United States District Judge on November 25, 2014. The R&R is now ripe for consideration.

## STANDARD OF REVIEW

### I. Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within

fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1)(B). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R&R, the Court need not provide any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Motion for Summary Judgment

To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Summary judgment is not "a disfavored

procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## ANALYSIS

Plaintiff objects to the R&R on the grounds that the Magistrate Judge erred in three ways: (1) in finding that the doctrine of *res judicata* barred Plaintiff's claims; (2) in concluding that the Rooker-Feldman Doctrine barred Plaintiff's claims; and (3) in determining that the allegations of the Complaint were insufficient to confer federal court jurisdiction.

### I. *Res judicata*

In his Objections, Plaintiff resists the Magistrate Judge's determination that the doctrine of *res judicata* bars his claims and cites two Illinois cases for the proposition that *res judicata* does not bar a claimant from collaterally attacking a judgment obtained by fraud. Plaintiff asserts that Defendant "knowingly presented to the Master in Equity, fraudulent mortgage assignments which, according to its own PSA, could not be legally under its ownership." (Pl.'s Objections 2).

The doctrine of *res judicata* bars a litigant, in a subsequent action where the identity of the parties and the subject matter is the same, from raising an issue that was actually adjudicated or which could have been brought in the former suit. *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). *Res judicata* does not prevent a party from using evidence of fraud to set aside a judgment, but the fraud alleged must be extrinsic rather than intrinsic. *United States v. Throckmorton*, 98 U.S. 61, 68 (1878). The Supreme Court provided the following examples of extrinsic fraud:

> Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in

> ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side . . .

*Id.* at 65–66. The type of fraud of which Plaintiff complains is not extrinsic fraud, but intrinsic. The Court in *Throckmorton* specifically contemplated a situation in which a party, like Plaintiff, might seek to attack a judgment based on "contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent." *Id.* at 68. The Court determined that "the mischief of retrying every [such] case . . . would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases." *Id.* at 68–69. Plaintiff has not asserted that Defendant interfered in any way with his opportunity to present his defenses to the foreclosure at the hearing before the Master in Equity. Therefore, Plaintiff's first objection is unavailing.

## II.  Rooker-Feldman Doctrine

Plaintiff next argues that the Magistrate Judge erred in his determination that the Rooker-Feldman Doctrine deprives this Court of subject matter jurisdiction to hear Plaintiff's claim. Plaintiff again cites "fraud" as an exception that allows his claim to proceed in federal court.

As the Magistrate Judge stated in the R&R, the Rooker-Feldman Doctrine stands for the proposition that superior state courts, and ultimately, the United States Supreme Court, have exclusive jurisdiction to review state court decisions such that the lower federal courts are generally barred from reviewing such decisions. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman Doctrine prevents a federal court from asserting jurisdiction in cases brought by state court litigants dissatisfied with state-court judgments and "inviting district court review and rejection of those judgments.").

In support of his argument, Plaintiff cites *Resolute Insurance Co. v. North Carolina*, 397 F.2d 586 (4th Cir. 1968), and a string of United States Supreme Court cases in footnote 2 of the same, for the proposition that the existence of fraud is an exception to the Rooker-Feldman Doctrine. However, the exception mentioned in *Resolute Insurance Co.*, and borne out in the cases cited by the Court, is the fraud exception to the doctrine of *res judicata* that this Court discussed above. *Id.* at 589. Therefore, the Court rejects Plaintiff's second Objection to the R&R and agrees with the Magistrate Judge's determination that the Rooker-Feldman Doctrine deprives this Court of jurisdiction to review a validly rendered state court judgment.

### III. Federal court jurisdiction

Finally, Plaintiff disputes the Magistrate Judge's determination that the Court lacks subject matter jurisdiction and maintains that he has alleged the existence of a federal question. The Complaint referenced three federal statutes: 42 U.S.C. § 1983 (a federal civil rights statute that the Magistrate Judge correctly noted does not apply to private parties), 12 U.S.C. § 2601, *et seq.*, and 15 U.S.C. § 1692, *et. seq.*, (Compl. ¶ 9–10).[1] However, Plaintiff did not explain how those statutes apply to his specific claims. In his Objections, Plaintiff claims that the Magistrate Judge erred in stating that Plaintiff's references to the federal statues fail to confer jurisdiction, and further alleges that he is "a citizen of the United States, and asserts his right to due process and equal protection under the 14th Amendment, and his right to a jury trial for matters of controversy exceeding $20." (Pl.'s Objections 2–3).

Plaintiff's additional allegations of federal court jurisdiction are equally unavailing. The mere invocation of a federal statute, or a constitutional right, is insufficient to confer federal

---

1. The Complaint also alleges that this Court has diversity jurisdiction. However, as the Magistrate Judge noted, it is not clear that Plaintiff is asserting or attempting to assert any state law claims. Plaintiff did not specifically object to the Magistrate Judge's determination that any such claims would be barred for the same reasons as set forth herein. This Court agrees with the Magistrate Judge that Plaintiff fails to state a basis for diversity jurisdiction and that, in any event, such claims would be barred based on the foregoing.

court subject matter jurisdiction. *See, e.g., Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 154 (4th Cir. 1994) (holding that plaintiff's mere reference to federal statutes in state common law negligence action did not support federal subject matter jurisdiction).

## CONCLUSION

Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiff's Objections are without merit. Accordingly, the Court **ADOPTS** in full the R&R. Therefore, it is **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 18, 2015**
**Charleston, South Carolina**